STATE EX REL. GREELEY, Appellant, vs. JOINT FREE HIGH SCHOOL DISTRICT OF THE TOWN OF WATERFORD AND VILLAGE OF WATERFORD and others, Respondents.

*February 25—March 14, 1911.*

*Schools: Free high school districts: Dissolution: Statute construed.*

Sec. 490a, Stats. (Laws of 1907, ch. 588), relating to dissolution of free high school districts, applies to high school districts formed under sec. 490 (Laws of 1909, ch. 217), but not to joint free high school districts formed under sec. 491 (Supp. 1906).

APPEAL from a judgment of the circuit court for Racine county: W. J. TURNER, Judge. *Affirmed.*

This is an appeal by the plaintiff from a judgment dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The suit is in the nature of *quo warranto* to try the right of the defendants *William Sanders* and *Anna E. Bennett* to exercise the franchises and powers of the offices of clerk and director, respectively, of a joint free high school district of the town and incorporated village of Waterford in Racine county. The ground of attack is that the district was dissolved by vote at the annual election in April, 1910, and this question turns upon the validity of the vote cast and whether sec. 490a, Stats. (Laws of 1907, ch. 588), applies to joint free high school districts established under sec. 491, Stats. (Supp. 1906).

For the appellant there was a brief by *J. E. Dodge,* of

counsel, and *George W. Waller* and *Simmons & Walker,* attorneys, and oral argument by *Mr. John B. Simmons* and *Mr. Waller.*

For the respondents there was a brief by *Hand & Hand* and *Kearney, Thompson & Myers,* and oral argument by *E. B. Hand* and *W. D. Thompson.*

KERWIN, J.    It is conceded by counsel for appellant that only by express statutory provision can dissolution of the district in question take place; and that none exists except it can be found in ch. 588, Laws of 1907, incorporated into the general statutes as sec. 490*a,* which provides:

"The electors of any town, village or city school district or subdistrict maintaining a free high school, may at any annual meeting or election, vote upon the question of surrendering the certificate of organization of the free high school and the dissolving of the high school district. . . . The vote shall be taken by ballot and canvassed according to the statutes for conducting elections in such municipality.    Those ballots in favor of the surrendering of the certificate and dissolution of the free high school district shall be written or printed 'for surrender,' those opposed 'against surrender.' "

The first question presented under this statute is, Does it apply to joint school districts formed under sec. 491, Stats. (Supp. 1906), or does it apply solely to districts established under sec. 490 ?    Sec. 490, Stats. (Laws of 1909, ch. 217), provides that any town, village or city, school or subdistrict which contains within its limits an incorporated village or which has a graded school of not less than two departments may establish and maintain not exceeding two high schools in the manner and with the privileges therein provided.    The section further provides that the question of establishing such school may be submitted to a vote and that the vote shall be taken by resolution, and if the resolution be adopted "such town, district, subdistrict, village or city shall constitute a high school district."

Sec. 491, Stats., as amended (Supp. 1906), provides for the formation of a "joint free high school district" by two or more adjoining towns or school districts, or one or more towns or school districts and an incorporated village or city when the same together will make a district of contiguous territory. The statute provides for the submission to the electors by resolution and that the resolution shall not be adopted unless a majority of the votes cast in each such town, school district, city, or village be in favor of it. Sec. 491 makes express provision for a case like the one before us. It provides:

"The creation of a new town or incorporation of a village out of the territory included in a free high school district shall not dissolve nor otherwise affect such district but such towns or town and village shall thereafter constitute a joint high school district."

It will be seen that the statutes, secs. 490 and 491 as amended, make provision for two classes of free high schools, the latter under sec. 491 denominated a joint high school district, and while there are many provisions of the statute under the head "Free High Schools," which embrace secs. 490 and 491, common to both classes of free high schools, the two classes of schools are nevertheless designated by the statute as separate, the joint free high school district under sec. 491 being a class by itself. This is apparent by the terms of sec. 490a, which seems to apply exclusively to high school districts designated in sec. 490.

The complaint alleges that the defendant joint free high school district comprises the entire territory of the town of Waterford and village of Waterford in the county of Racine; that said joint free high school district was originally organized under the laws of Wisconsin as a township free high school district, and that afterwards the village of Waterford was duly incorporated as a village out of the territory in said free high school district, which thereupon became a joint high

school district consisting of the town of Waterford and the village of Waterford under sec. 491, Stats., as amended.

The complaint further alleges proceedings to dissolve under sec. 490a, Stats., and the question is whether said last named statute authorizes the proceeding to dissolve a joint free high school district. The question is argued at length by counsel for respondent as to whether the legislature has the right to authorize the dissolution of a free high school without providing for the education of the resident youth of the district. We do not find it necessary to consider this proposition, because we think sec. 490a does not apply to joint high school districts established under sec. 491, Stats.

Ch. 588, Laws of 1907, designated sec. 490a, immediately follows sec. 490, and by its terms shows that it was intended to provide for the dissolution of school districts described in sec. 490 and does not include school districts described in sec. 491. The language of sec. 490a heretofore set out applies specifically to the districts specified in sec. 490 and cannot by any rules of construction be said to include the joint school districts specified in sec. 491, Stats.

But it is argued by counsel for appellant that under the subchapter "Free High Schools" and comprising secs. 490 to 496c, many of the sections are obviously applicable to all high school districts indiscriminately. A careful examination of the sections applicable to all schools in the subchapter we think will show that the respective sections are made by the language used applicable to the schools designated under both sections. For example, sec. 491a refers directly to free high schools maintained as "provided in secs. 490 and 491." And sec. 491b refers back to sec. 491a. Sec. 492, relating to school officers, refers to the officers of "each free high school district," and the section also mentions "joint districts," showing that the section has relation to both classes of districts. The statutes, secs. 490 and 491, expressly provide for the two classes of school districts, while sec. 490a has

reference by its terms to the school district referred to in sec. 490, and by its terms in no way includes the joint school district specified in sec. 491.

We must therefore hold that sec. 490 does not authorize the dissolution of a joint high school district established under sec. 491.

Other questions discussed need not be treated.

*By the Court.*—Judgment appealed from is affirmed.